1

2

3

4

5  UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

LEWIS COUNTY,

8              Plaintiff,          CASE NO. C16-5170BHS

9        v.                        ORDER GRANTING
                                   DEFENDANT UNITED STATES
10  UNITED STATES OF AMERICA and   OF AMERICA'S MOTION TO
    STEVEN J. GANZER,              DISMISS
11
               Defendants.
12

13

14       This matter comes before the Court on Defendant United States of America's, on

15  behalf of the Internal Revenue Service ("IRS"), motion to dismiss (Dkt. 16).  The Court

16  has considered the pleadings filed in support of and in opposition to the motion and the

17  remainder of the file and hereby grants the motion for the reasons stated herein.

18                    **I. PROCEDURAL AND FACTUAL HISTORY**

19       On March 4, 2016, Plaintiff Lewis County filed a complaint-in-interpleader

20  against the IRS and Steven Ganzer ("Ganzer").  Dkt. 1 ("Comp.").  Lewis County alleges

21  that it foreclosed Ganzer's property to collect unpaid local taxes.  *Id.* ¶ 10.  Ganzer did

22  not file an answer or any other responsive pleading in the tax foreclosure action.  *Id.* ¶ 18.

Ganzer's property was sold at a public action for $147,500, yielding $136,444.67 in excess proceeds. *Id.* ¶ 24.  The IRS subsequently issued a Notice of Levy to Lewis County in the amount of $165,778.08. *Id.* ¶ 26.  Lewis County filed the instant suit to determine the correct payee for the excess proceeds. *See* Comp.

On April 19, 2016, the United States moved to dismiss.  Dkt. 16.  On May 6, 2016, Lewis County responded.  Dkt. 17.  On May 12, 2016, the United States replied.  Dkt. 18.

## II. DISCUSSION

The United States moves to dismiss Lewis County's complaint, arguing it has not waived sovereign immunity to suit and therefore the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Dkt. 16 at 7.  Alternatively, the United States argues Lewis County's complaint should be dismissed for failure to state a cause of action for interpleader under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 8.

The United States, as a sovereign, may not be sued without its consent. *United States v. Dalm*, 494 U.S. 596, 608 (1990).  "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotation marks omitted).  "The party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity." *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).  Unless Lewis County "satisfies the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress, it must be dismissed." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007).

Lewis County argues the United States waived its sovereign immunity under 28 U.S.C. § 2410(a)(5).  Dkt. 17 at 5.  Section 2410(a)(5) provides that "the United States may be named a party in any civil action or suit in any district court . . . of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien."  Although § 2410 operates as an express waiver of sovereign immunity, the statute must be strictly construed.  *Dunn & Black*, 492 F.3d at 1092.  Thus, in order for § 2410(a)(5) to waive sovereign immunity, the instant suit must be a valid interpleader action.

"The purpose of interpleader is for the stakeholder to 'protect itself against the problems posed by multiple claimants to a single fund.'"  *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010) (quoting *Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999)); *see also Airborne Freight Corp. v. United States*, 195 F.3d 238, 240 (5th Cir. 1999) ("The central prerequisite for a 'true' interpleader action . . . or for an action in the nature of interpleader . . . is that the plaintiff-stakeholder runs the risk—but for determination in interpleader—of multiple liability when several claimants assert rights to a single stake.").  An interpleader action therefore requires (1) two or more adverse claimants to a single stake, and (2) the stakeholder must face exposure to multiple liability.

Neither requirement is met in this case.  First, there are no adverse claimants.  "In a levy proceeding, the IRS steps into the taxpayer's shoes" and "acquires whatever rights the taxpayer himself possesses."  *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 725 (1985).  Thus, any claim the IRS has to the excess proceeds is through Ganzer, not

1   against him.  *See Queen City Sav. & Loan Ass'n v. Sanders*, C78-800M, 1980 WL 1642,

2   at *1 (W.D. Wash. Aug. 7, 1980).  Additionally, there is no threat of multiple liability.

3   Under 26 U.S.C § 6632(e), a party that complies with an IRS levy is immune from

4   liability from any other claimant.  Given this statutory defense, Lewis County does not

5   face exposure to multiple liability.

6        Because this suit is not one for interpleader nor in the nature of interpleader,

7   § 2410(a)(5) does not serve as a waiver of sovereign immunity.  The Court similarly

8   concludes that Lewis County has failed to state a cause of action for interpleader.

### III. ORDER

10        Therefore, it is hereby **ORDERED** that the United States' motion to dismiss (Dkt.

11   16) is **GRANTED**.  The Clerk shall close this case.

12        Dated this 21st day of June, 2016.

BENJAMIN H. SETTLE
United States District Judge